## PARKER v. LONDON GUARANTEE & ACCIDENT CO., Limited.

District Court, E. D. Pennsylvania. November 17, 1927.

No. 12218.

Robert M. Bernstein and R. B. Evans, both of Philadelphia, Pa., for plaintiff.

William W. Smithers, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The conclusion reached is that the demurrer should be overruled.

## Discussion.

The action is based upon the contract of the defendant, by which it undertook to indemnify its policy holder against all payments made by him because of the liability insured against, and further that, if judgment was recovered against him, which he was unable to pay, and which could not be collected by legal process, then the defendant would protect him against the judgment by paying it to the plaintiff, and such judgment creditor was given the same right of action as the insured would have had if he had himself paid the judgment.

## The Grounds of Demurrer.

We are unable to grasp the thought of danger of double liability. The plaintiff's cause of action, if any, arises out of the contract of the defendant. It is whatever it is, simple or double. We will, on the other grounds of the demurrer, follow the argument of the experienced counsel for defendants as the most direct way of getting to the questions raised.

■ We subscribe to the general proposition that there must be privity of contract on which to base a suit upon the contract, and that a beneficiary, or one who has succeeded to the ownership of a claim arising out of a contract, cannot, merely because of his beneficial ownership, maintain an action in his own name, even when he might maintain an action in the name of the legal plaintiff to his use.

It seems that this form of policy is required by the laws of New York and Illinois. Counsel seems to concede that the action would there lie. This is a concession in favor of this plaintiff, because, if the right of action is one which arises out of the contract, the motive of the defendant for making it could work no difference. Neither the New York nor the Illinois statute gave a right of action to an injured party. It merely made it to the interest of the insurance company to so agree. There is no difference in the agreement, and we see none in the legal effect, whether the contract follows a statute or is wholly voluntary.

■ We agree with counsel that the contractors' bonds afford us little or no aid, nor do we find fault with defendant's statement of the Pennsylvania rule. The substantial qualification of the rule is when the plaintiff has an interest to compel performance, and which, as often emphasized, no one else has. This interest is in the instant case recognized by the defendant itself as the inducement to the promise. The rule which permits a right of action only to the promisee has always had the exceptions indicated. Sure it is that the modern trend is not to expand, but to further restrict, the rule. The real test is (1) whether the third party has an interest, and (2) whether the promisee or any other person could subject the defendant to a judgment for the same promise.

■ We are again unable to follow the argument of defendant upon the effect of the Bankruptcy Law (11 USCA). There has been no adjudication, and there may never be any. So far as the facts are disclosed, there could be none. Surely a defendant otherwise liable would not escape because of the possibility of bankruptcy intervening. It is always well in a pleader to use the verbiage of that upon which his right of action rests. The right of action here rests upon a judgment, an execution upon which has been returned "unsatisfied." The return here is pleaded to have been "nulla bona." Had the statement of claim followed the verbiage of the contract, and had the return of "nulla bona" been offered in proof support of the averment, we are of the opinion that no objection based on a variance could have been properly sustained. The difference is wholly one of words.

The questions of law raised are ruled against the defendant, and the plaintiff may

move for judgment, unless the defendant files an affidavit of defense to the fact merits of the case within the time limited by the Practice Act.